UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NGOC P. LE,

                           Plaintiff,

    v.                                                 1:23-cv-00568 (AMN/MJK)

NYS, OFFICE OF STATE COMPTROLLER,

                           Defendant.
_____

**APPEARANCES:**                                      **OF COUNSEL:**

**NGOC P. LE**
80 Ridge Wood Drive
Mechanicville, NY 12118
Plaintiff *pro se*

**LETITIA A. JAMES**                            **NOAH C. ENGLEHART**
Attorney General of the State of New York     Assistant Attorney General
The Capitol
Albany, New York 12224
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

      On May 10, 2023, Plaintiff Ngoc P. Le ("Plaintiff") commenced this action against her former employer, Defendant New York State Office of the State Comptroller ("Defendant" or "OSC"), alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Dkt. No. 1 (the "Complaint"). Presently before the Court is Defendant's motion to dismiss the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. Dkt. No. 10 (the "Motion").

      For the reasons set forth below, Defendant's Motion is granted.

**II.     BACKGROUND**

The following facts are drawn from the Complaint unless otherwise noted, and are assumed to be true for purposes of ruling on the Motion.  *See Div. 1181 Amalg. Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (*per curiam*).

**A. The Parties**

Defendant is a New York State government entity responsible for various fiscal oversight tasks.  Dkt No. 1 at ¶ 4.  Plaintiff is a resident of New York and was employed by Defendant from 1999 to 2020.  Dkt. No. 1 at ¶¶ 3, 5, 25.

**B. Plaintiff's Allegations**

Liberally construed, the Complaint alleges that Plaintiff was wrongfully terminated by Defendant as a result of employment discrimination.  *Id.* at ¶¶ 1, 2.  Plaintiff is an Asian-American woman originally from Vietnam.  *Id.* at ¶ 5.  Plaintiff alleges that between 2013 and 2017, Defendant referred her for several mental health evaluations pursuant to New York State Civil Service Law Section 72.1.  *Id.* at ¶ 11.  On August 3, 2017, Plaintiff was found unfit for her duties as a result of one such mental health evaluation and, on August 25, 2017, Plaintiff was placed on involuntary leave.  *Id.* at ¶¶ 11, 13.  Following further proceedings pursuant to New York State Civil Service Law Section 72.1, Plaintiff returned to work for a period of time and then was again placed on involuntary leave.  *Id.* at ¶¶ 15-19, 23-25.  Ultimately, Plaintiff's employment with OSC was terminated on June 1, 2020, pursuant to New York State Civil Service Law Section 73.  *Id.*

Plaintiff acknowledges that in 2016, prior to her termination, she brought an employment discrimination lawsuit against OSC in federal court, which was dismissed.  *Id.* at ¶¶ 2, 12.[1]  In

---

[1] Plaintiff further acknowledges that the subject matter of her first federal lawsuit at least partially overlaps with the subject matter of this lawsuit, and that she has "fil[ed] this complaint in the hope that the U.S. District Court will reconsider my matter."  Dkt. No. 1 at ¶ 7; *see also Le v. New York*

addition, Plaintiff acknowledges that in 2021, after her termination, she brought a lawsuit against OSC in Albany County Supreme Court, which was also dismissed. *Id*. at ¶ 21.

### III. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of a party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to show that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, a pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"

---

*State, Office of State Comptroller*, 1:16-CV-1517, 2017 WL 3084414 (N.D.N.Y. July 18, 2017) ("*Le I*"). To the extent that the Complaint purports to allege claims that were previously dismissed in *Le I*, those claims are barred by the doctrine of res judicata. *See, e.g., Michaelesco v. Estate of Richard*, 355 Fed. Appx. 572, 573 (2d Cir. 2009) (summary order) (Rule 12(b)(6) dismissal as time-barred is a dismissal on the merits for res judicata purposes); *Berrios v. N.Y. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) (Rule 12(b)(6) dismissal for failure to state a claim is a dismissal on the merits for res judicata purposes). Nevertheless, because Plaintiff's claims here focus on her termination—which had not yet happened at the time of *Le I*—the Court will independently assess the sufficiency of those claims.

*Id.* (quoting *Twombly*, 550 U.S. at 557).  Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the . . . complaint must be dismissed." *Id.* at 570.

"[I]n a *pro se* case . . . the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting, *inter alia*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

IV.   **DISCUSSION**

   A.   **Failure to Exhaust Administrative Remedies and Timeliness**

Defendant raises challenges to Plaintiff's claims on statute of limitations and failure to exhaust administrative remedies grounds.  Dkt. No. 10-1 at 7-8, 10-11.[2]  "As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the [Equal Employment Opportunity Commission ("EEOC")]."  *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (internal quotation marks and citation omitted); *see also* 42 U.S.C. § 2000e–5(e) and (f).  Title VII requires that individuals aggrieved by acts of discrimination in New York file a charge with the EEOC or a corresponding state or local agency within 300 days "'after the alleged unlawful employment practice occurred.'"  *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78-79 (2d Cir. 2015)

---

[2] Citations to docket entries utilize the pagination generated by CM/ECF docketing system and not the documents' internal pagination.

(quoting 42 U.S.C. § 2000e-5(e)(1)). Failure to file a charge within the applicable time period bars a plaintiff from filing a Title VII claim in federal court. *See Jiles v. Rochester Genesee Reg'l Transportation Auth.*, 217 F. Supp. 3d 688, 691 (W.D.N.Y. 2016).

The Court finds that Plaintiff's claims are time-barred. Plaintiff alleges that she was terminated on June 1, 2020, but she fails to allege that she filed a charge within the applicable statutory period following that termination. In fact, she explicitly alleges that she did *not* file a charge before filing this action, despite having filed one prior to her first federal action, and that both the New York State Division of Humans Rights and the EEOC advised her that "the time to file [her] complaint [had] passed." Dkt. No. 1 at ¶ 7. Plaintiff's previously filed charge could not have concerned her current claim, as she acknowledges that she filed it prior to her termination. *Id*. As such, Plaintiff's claims are dismissed because she has failed to exhaust her administrative remedies and her Title VII claims are time-barred.[3] *See Connecticut Gen. Life Ins. Co. v. BioHealth Lab'ys, Inc.*, 988 F.3d 127, 131-32 (2d Cir. 2021) ("Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint.") (internal quotation marks and citation omitted).

B.  **Failure to State a Claim**

Defendant also challenges Plaintiff's claims for failure to state a claim under Federal Rule

---

[3] Although Plaintiff asserts that her employment discrimination claims fall under Title VII, Dkt. No. 1 at ¶ 2, she also purports to bring her action pursuant to 42 U.S.C. § 1983 ("Section 1983"), *id*. at 1. As such, it might be possible to construe Plaintiff's claims as Equal Protection claims brought pursuant to Section 1983. *See, e.g., Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). Section 1983 claims brought in New York are subject to a three-year statute of limitations. *Id*. Given that Plaintiff alleges that she was terminated on June 1, 2020 and brought suit on May 10, 2023—less than three years following her termination—any Section 1983 Equal Protection claim she brings concerning her termination is timely.

of Civil Procedure 12(b)(6).  Dkt. No. 10-1 at 8-10.  Title VII prohibits discrimination against an individual on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  Title VII discrimination claims are analyzed under the evidentiary burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  However, at the pleading stage, the plaintiff's burden is "reduced," *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015), and the plaintiff need only "plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex or national origin was a motivating factor in the employment decision."  *Vega*, 801 F.3d at 87.  The plaintiff may do so "by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination."  *Id*.  A complaint is sufficient "if it pleads specific facts that support a minimal plausible inference of such discrimination." *Doe v. Columbia Univ.*, 831 F.3d 46, 56 (2d Cir. 2016).

  Defendant contends that Plaintiff has failed to adequately allege that her race, color, sex or national origin was a motivating factor in her termination.  Dkt. 10-1 at 8-9.  The Court agrees.  While the burden is reduced at the pleading stage, Plaintiff's Complaint is devoid of facts that would suggest that her termination was in any way connected to her status as an Asian American woman from Vietnam.  Instead, she alleges, among other things, that Defendant ordered Plaintiff to undergo a mental health evaluation, which found her unfit to perform her duties, and that Defendant ultimately terminated Plaintiff's employment as a result.  *See generally* Dkt. No. 1.  Plaintiff does not refer to discrimination at all except in her general allegation that her claims fall under Title VII, Dkt. No. 1 at ¶ 2, nor has she plausibly alleged any facts from which such

discrimination could be inferred. As such, her claims are also dismissed for failure to state a claim.[4]

While the Court is mindful of Plaintiff's *pro se* status, given that Plaintiff's Title VII claims are time-barred and her allegations of discrimination are severely deficient, the Court dismisses Plaintiff's claims with prejudice and without leave to amend. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (it may be appropriate to dismiss claims without leave to amend where "granting leave to amend is unlikely to be productive").[5]

## V.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's motion to dismiss, Dkt. No. 10, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED with prejudice and without leave to replead**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules, and close the case.

**IT IS SO ORDERED.**

Dated: March 12, 2024
       Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

---

[4] To the extent that Plaintiff asserts a Section 1983 Equal Protection claim related to her termination, it is insufficiently pled for the same reason. *See, e.g., Chick v. Cnty. of Suffolk*, 546 Fed. App'x. 58, 59 (2d Cir. 2013) (summary order) ("Section 1983 employment discrimination claims asserted as equal protection violations are evaluated under the same standards as Title VII claims.") (citing *Patterson*, 375 F.3d at 225).

[5] Plaintiff has expressly disclaimed bringing any state law claims, stating in her opposition to the Motion that her Complaint brings only "federal claims under Title VII." Dkt. No. 20 at 5. However, to the extent that Plaintiff's Complaint might be construed to assert one or more claims based on state law, the Court declines to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(c)(3).